IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02525-WYD-MEH

RICHARD G. CHAVEZ,

    Plaintiff,
v.

DARREN HATTERMAN, Adams County Deputy Sheriff, in his individual capacity,
ROBERT CORTEZ, Adams County Deputy Sheriff, in his individual capacity, and
JOHN TOTTEN, Adams County Deputy Sheriff (Sgt.), in his individual capacity,

    Defendants.

---

## RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND

---

Before the Court is Plaintiff's Renewed/Opposed Motion to Amend Complaint [Docket #131]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **deny** Plaintiff's Motion.

**I.**  **Facts**

Plaintiff filed this action in state court on November 27, 2006, based on injuries Plaintiff received during his arrest. Plaintiff alleges that Defendants violated his right under the Fourth Amendment to be free from unreasonable seizure by using excessive force in arresting him. Specifically, Plaintiff alleges that Deputy Hatterman attempted to kill him, and that he was in a life and death struggle over control of Hatterman's gun when Deputy Cortez arrived on the scene. Plaintiff further alleges that Deputy Cortez kicked Plaintiff repeatedly, even though Plaintiff had stopped fighting and was attempting to surrender. Plaintiff claims that he lost consciousness while Cortez was kicking him and that he regained consciousness when Deputy Totten, who arrived on

the scene later, was tasing him. He asserts that Totten repeatedly tased him. These allegations are more fully set forth in the Recommendation on Defendant Cortez's Motion to Dismiss and/or Motion for Summary Judgment (dock. #123), which is incorporated herein by reference.

The case was removed to federal court on December 15, 2006. At the scheduling/status conference held March 29, 2007, the deadline for joinder of parties and amendment of pleadings was set for May 12, 2007. Dock. #27. The discovery deadline was initially set for August 1, 2007, but was eventually extended to December 14, 2007. Dock. #75. The Amended Pretrial Order was entered on January 31, 2008. Dock. #102. A Trial Preparation Conference is set for September 3, 2008, before District Judge Wiley Daniel, and the trial is scheduled to begin on September 22, 2208. Dock. #106. Defendant Cortez filed his Motion for Summary Judgment on February 5, 2008, and Plaintiff responded on March 10 and March 17, 2008. Dock. ##111, 112. In his Responses, Plaintiff alleged for the first time that Defendant Cortez failed to prevent the other officers from using excessive force. Dock. #111 at 2. After this Court pointed out that Plaintiff could not raise a new legal theory in response to a Motion for Summary Judgment, Plaintiff filed his Motion to Amend Complaint. Plaintiff states that he believed his original Complaint sufficiently alleged that the Defendants failed to prevent each other from using excessive force, and, even if the Complaint did not so allege, he should be allowed to amend his Complaint now to include these allegations as well as a new claim against each Defendant for failure to intervene or protect.

**II.     Discussion**

In this case, the deadline for amending pleadings has passed, discovery is closed, an Amended Pretrial Order has been entered, and this Court has recommended that Defendant Cortez's Motion for Summary Judgment be granted. At this late hour, Plaintiff desires to amend his

2

Complaint and add a new legal theory under the liberal amendment standard of Rule 15(a). Pursuant to Fed. R. Civ. P 15(a), the Court is to freely allow amendment of the pleadings "when justice so requires." "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Even so, Rule 16(b) allows a deadline in the Scheduling Order to be modified only upon a showing of good cause. The Tenth Circuit has left open the question of whether a party must first establish good cause under Rule 16(b) as well as satisfy the requirements of Rule 15(a). *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). The Tenth Circuit has noted, however, that the good cause standard requiring diligence produces essentially the same result as a finding of no undue delay and no undue prejudice under Rule 15(a). *Id.* Accordingly, the timeliness of the amendment and the prejudice to a defendant are to be the crux of the inquiry. *Id.*

### A. Undue delay

A motion to amend should be denied if a plaintiff has unduly delayed in seeking the amendment. *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002) (citing cases). The important inquiry is not simply whether Plaintiff has delayed, but whether such delay is undue. *Minter*, 451 F.3d at 1206. Delay is undue "when the party filing the motion has no adequate explanation for the delay," *Frank*, 3 F.3d at 1365-66, or when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (citation omitted). In such circumstances, "untimeliness alone is an

3

adequate reason to refuse leave to amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005).

In this case, the events giving rise to Plaintiff's claims occurred on December 7, 2004. Plaintiff knew at the time he filed his Complaint of the facts supporting the relevant allegations, yet he did not include any allegations supporting his claim for failure to intervene and protect in his Complaint. This alone bars Plaintiff's proposed amendment. *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir. 1984) ("Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial."). Plaintiff also argues that his Complaint contained sufficient allegations for his new claim, and that these allegations were explored extensively during the discovery process. Plaintiff's assertions notwithstanding, discovery in this case did not address this claim. Discovery established each deputy's testimony regarding what that deputy witnessed of other deputy's actions. But Plaintiff never raised the issue of why the deputies did not prevent each other from allegedly assaulting Plaintiff until his response to Deputy Cortez's Motion for Summary Judgment. Even so, Plaintiff's explanation does not excuse his delay. *See ICE Corp. v. Hamilton Sundstrand Corp.*, No. 05-4135, 2007 U.S. Dist. LEXIS 94712 (D. Kan. Dec. 27, 2007) (finding that the argument that a proposed claim is premised on allegations and evidence existing in current pleadings or prior discovery undermines reason for delay by establishing that the amendment should have been sought earlier).

Further, the fact that Plaintiff believed this theory was reasonably implied in his Complaint is insufficient when the Complaint is devoid of any allegations to support it, because Defendants simply had no notice of this claim until Plaintiff's Response to Deputy Cortez's Motion for

4

Summary Judgment, which is entirely too late. *Carr v. Morgan County Sch. Dist. RE-3*, No. 06-1006, 2007 U.S. Dist. LEXIS 49428 (D. Colo. Jul. 9, 2007) (Nottingham, C.J.) ("Importantly, this pleading standard, albeit liberal, does not provide for eleventh-hour changes in strategies, arguments, and theories in cases."). Based on the entire record of this case, this Court cannot find that Plaintiff was diligent in seeking this amendment because sufficient facts have been available since the inception of this lawsuit. Therefore, Plaintiff's delay is undue.

### B. Undue Prejudice

A defendant is prejudiced by an untimely amendment if the amendment will alter the focus of the case at a date that is too late for the defendants to adequately prepare for trial. *Orr v. City of Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005). A plaintiff may not "wait until the last minute to ascertain and refine the theories on which they intend to build their case. . . . This practice, if tolerated, 'would waste the parties' resources, as well as judicial resources, on discovery aimed at ultimately unavailing legal theories and would unfairly surprise defendants, requiring the court to grant further time for discovery or continuances." *Green Country Food Market, Inc. v. Bottling Group, LLC*, 371 F.3d 1275, 1279 (10th Cir. 2004).

Here, Plaintiff seeks an amendment on the verge of trial. Discovery closed six months before he filed his Motion to Amend. Adding a new theory of recovery based on new allegations well after discovery would unfairly surprise defendants. Plaintiff argues that Defendant Cortez is an integral part of this case, even if his Motion for Summary Judgment is granted, and thus he cannot claim prejudice. Clearly, the requirement to appear at trial as a central witness to the lawsuit is substantively different than the requirement to appear as a Defendant. Morever, as mentioned above, Plaintiff's claim that these allegations were the subject of discovery undercuts his argument

5

that the amendment is proper at this time. Finally, Defendant Cortez's counsel stated at the Final Pretrial Conference that he may not be available for trial until at least the spring of 2009 because of his military deployment. However, a trial is set for September 22, 2008, and this Court cannot speculate as to whether that date will be changed or will even need to be changed. Even if the trial date is moved, Plaintiff's attempt to add a new legal theory after the close of discovery still constitutes an unfair prejudice to Defendants, as discussed above.

## III. Conclusion

Accordingly, the Court RECOMMENDS that Plaintiff's Renewed/Opposed Motion to Amend Complaint [Filed June 19, 2008; Docket #131] be **denied**. The factual allegations supporting Plaintiff's amendment were available to him before he filed this lawsuit, and an amendment well after the close of discovery and shortly before the trial date would severely prejudice Defendants. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado this 5th day of August, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge