IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-02525-WYD-MEH

RICHARD G. CHAVEZ,

    Plaintiff,

v.

DARREN HATTERMAN, Adams County Deputy Sheriff, in his individual capacity;
ROBERT CORTEZ, Adams County Deputy Sheriff, in his individual capacity;
JOHN TOOTTEN, Adams County Deputy Sheriff (Sgt.), in his individual capacity,

    Defendants.

**ORDER ACCEPTING AND AFFIRMING RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

THIS MATTER is before the Court on Defendant Cortez's Motion to Dismiss and/or Motion for Summary Judgment, filed February 5, 2008 (docket #104). A general Order of Reference referring the case to Magistrate Judge Hegarty was issued December 22, 2006. Magistrate Judge Hegarty issued a Recommendation on May 5, 2008, which is incorporated herein by reference. See 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Hegarty recommenced therein that this case be dismissed against Defendant Robert Cortez.

More specifically, Magistrate Judge Hegarty finds that Defendant Cortez is entitled to qualified immunity on Plaintiff's claim of excessive force. Magistrate Judge Hegarty found that Deputy Cortez's decision to kick Plaintiff to move him away from Deputy Hatterman and to subdue him was an objectively reasonable response to end

Deputy Hatterman's "life and death struggle." Recommendation at 12, 14 (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989)(To determine whether the force used by Defendant was reasonable, the Court must consider "whether the officer's actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to [his] underlying intent.") In determining whether the force use by Defendant Cortez was reasonable, Magistrate Judge Hegarty found that all three factors enumerated in *Graham v. Connor* weighed in favor of the use of force. Recommendation at 13 (citing *Graham*, 490 U.S. at 396, quoted in *Casey v. City of Federal Heights*, 509 F.3d 1278, 1281 (10th Cir. 2007))((1) "the severity of the crime at issue"; (2)" whether the suspect poses an immediate threat to the safety of the officers or others"; and (3) whether the suspect is "actively resisting arrest or attempting to evade arrest by flight").

On May 27, 2008, Plaintiff filed a timely Objection entitled "Plaintiff's Objections to the Magistrate Judge's Recommendation Concerning Defendant Cortez's Motion to Dismiss or in the Alternative for Summary Judgment." Plaintiff's objections necessitate a *de novo* determination as to those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

Plaintiff argues that Magistrate Judge Hegarty improperly applied the factors enumerated in *Graham* as Plaintiff no longer posed a threat to Deputy Cortez or others and he was on his knees and not attempting flight nor resisting arrest. Plaintiff also asserts that the facts were not viewed in the light most favorable to the

2

non-moving party.

Plaintiff also cites *Sturdivan v. Murr*, 511 F.3d 1255, 1260 (10th Cir. 2008) as support for his argument that he was not a threat to the officers. Plaintiff argues that Magistrate Judge Hegarty should have also considered these non-exclusive factors which Plaintiff believes weigh in his favor. "(1) Whether the officers ordered the suspect to drop his weapon and the suspect's compliance with police commands; (2) whether any hostile motions were made with the weapon towards the officer; (3) the distance separating the officer and the suspect; and (4) the manifest intentions of the suspect." *Id.* I note the following sentence that is not cited by Plaintiff which states, " in the end the inquiry is always whether, from the perspective of a reasonable officer on the scene, the totality of the circumstances justified the use of force." *Id.*

In the case at hand, it is undisputed that Deputy Cortez heard the gun discharge shortly before being informed of the struggle; Deputy Cortez was aware of a possible second suspect with a gun; Plaintiff was in a physical struggle with Deputy Hatterman at the time of Deputy Cortez's arrival; and Plaintiff was also in possession of Deputy Hatterman's gun at the time of Deputy Cortez's arrival. I agree with Magistrate Judge Hegarty that even when viewing the facts in a light most favorable to the Plaintiff, that he raised his hands in the air and had no intention of resisting Deputy Cortez, Deputy Cortez's split second decision to ensure Plaintiff was no longer a threat or within reach of the gun by kicking him and keeping him on the ground was reasonable. Finally, I have reviewed the remaining objections in their entirety and find no merit to any other arguments therein. I agree with Magistrate Judge Hegarty that Defendant Cortez is

entitled to qualified immunity, and that Plaintiff's action against him must be dismissed. Accordingly, the Recommendation is affirmed and adopted.

Based upon the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge (docket # 123) is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that the case against Robert Cortez, Adams County Deputy Sheriff, in his individual capacity, is **DISMISSED WITH PREJUDICE**.

Dated: August 27, 2008

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge