IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No. 06-cv-02525-WYD-MEH

RICHARD G. CHAVEZ,

    Plaintiff,

v.

DARREN HATTERMAN, Adams County Deputy Sheriff, in his individual capacity;
ROBERT CORTEZ, Adams County Deputy Sheriff, in his individual capacity;
JOHN TOTTEN, Adams County Deputy Sheriff (Sgt.), in his individual capacity,

    Defendants.

**ORDER AFFIRMING AND ADOPTING MAGISTRATE JUDGE RECOMMENDATION**

THIS MATTER is before the Court on Plaintiff's Motion to Amend Complaint [doc. #131, filed June 19, 2008]. A general Order of Reference referring the case to Magistrate Judge Hegarty was issued December 22, 2006. Magistrate Judge Hegarty issued a Recommendation on August 5, 2008 [doc. #140], which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); D.C.COLO.LCivR. 72.1. Magistrate Judge Hegarty recommended therein that the Motion be denied. Specifically, Magistrate Judge Hegarty noted, "In this case, the deadline for amending pleadings has passed, discovery is closed, an Amended Pretrial Order has been entered, and this Court has recommended that Defendant Cortez's Motion for Summary Judgment be granted. At this late hour, Plaintiff desires to amend his complaint and add a new legal theory under the liberal amendment standard of Rule 15(a)." Recommendation at 2-3. Magistrate Judge Hegarty found that the undue delay on the

part of the Plaintiff in seeking to amend the complaint and the undue prejudice that Defendants would suffer justify a denial of leave to amend the complaint.

On August 18, 2008, Plaintiff filed a timely Objection [doc. #148], which would necessitate a *de novo* determination as to those specified proposed findings or recommendations to which objection is made if the nature of the matter were dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Motions to amend are generally considered non-dispositive because they do not dispose of a claim or defense of a party, and thus they are subject to the clearly erroneous standard of review. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002); *see* FED. R. CIV. P. 72(a). However, courts have been split on whether to treat certain motions to amend as dispositive. *See Grabau v. Target Corp.*, No. 06-cv-01308-WDM-KLM, 2008 WL 179442, at *5 (D. Colo. Jan. 17, 2008) (noting split in this District on motions to amend to add a claim for exemplary damages); *Perea v. Hunter Douglas Window Fashions, Inc.*, No. 06-cv-01374-MSK-MJW, 2008 WL 511409, at *2 (D. Colo. Feb. 22, 2008) (citing cases that have held both ways with regard to review of denial of motions to amend complaint on futility grounds). I find that the matter at hand is dispositive, because denial of Plaintiff's motion at hand prevents him from essentially resurrecting his case against Defendant Cortez, who was granted summary judgment on August 27, 2008. *See Cuenca*, 205 F. Supp. 2d at 1228 ("When the magistrate judge's order denying a motion to amend . . . effectively removes a defense or claim from the case, it may well be a dispositive ruling that the district court should review *de novo*."). Accordingly, I will conduct *de novo* review. I also note that on August 20, 2008, Plaintiff

filed an Addendum to his Objection [doc. #150], and on November 12, 2008, he filed a "Request for this Court to Take Judicial Notice under Fed. R. Evid. 201" [doc. #158], which I construe as a filing of supplemental legal authority with the Court.

Pursuant to Federal Rule of Civil Procedure 15(a), a court should allow a party to amend its pleadings "when justice so requires." Such a grant of leave is within the discretion of the trial court. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S 321, 330 (1971)). Refusal to grant leave to amend is justified by reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Minter*, 451 F.3d at 1204 (quoting *Foman v. Davis*, 371 U.S. 178, 227 (1962)). Magistrate Judge Hegarty followed *Minter* in focusing his analysis on undue delay and undue prejudice. *See* Recommendation at 3 (citing 451 F.3d at 1204). I agree that each of these reasons independently justifies denying Plaintiff leave to amend his complaint, but I focus my analysis on undue delay, which alone justifies denying leave to amend. *See Minter*, 451 F.3d at 1205; *Hayes v. Whitman*, 264 F.3d 1017, 1026 (10th Cir. 2001); *Viernow v. Euripides Dev. Corp.*, 157 F.3d 785, 799 (10th Cir. 1998); *Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994).

The Tenth Circuit has repeatedly upheld district courts' refusals to allow plaintiffs to amend complaints to add new legal claims after summary judgment has been granted against them, noting, "[W]e do not favor permitting a party to attempt to salvage

a lost case by untimely suggestion of new theories of recovery, especially after the trial judge has already expressed adverse rulings." *Viernow*, 157 F.3d at 800; *see also Green County Food Market, Inc. v. Bottling Group, LLC*, 371 F.3d 1275, 1279 (10th Cir. 2004) ("The liberalized pleading rules . . . do not permit plaintiffs to wait until the last minute to ascertain and refine the theories on which they intend to build their case.") (citing *Evans v. McDonald's Corp.*, 936 F.3d 1087, 1991 (10th Cir. 1991)); *Hayes*, 264 F.3d at 1026-27; *Pallottino*, 31 F.3d at 1027. In *Pallottino*, the district court had dismissed the plaintiff's Fifth and Fourteenth Amendment claims in partial summary judgment and denied the plaintiff's subsequent motion to amend his complaint to include Fourth Amendment unlawful detention claims based on the same facts used in asserting the dismissed Fifth Amendment claim. The Tenth Circuit found that the plaintiff had not explained his eight-month delay in moving to amend his complaint, emphasizing that the proposed amendment was not based on new evidence unavailable at the time of original filing. *Pallottino*, 31 F.3d at 1027. The Tenth Circuit further stated:

> Much of the value of summary judgment procedure in the cases for which it is appropriate . . . would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back along thereafter and fight on the basis of some other theory.

*Id.* (quoting *Freeman v. Continental Gin Co.*, 381 F.3d 459, 469-70 (5th Cir. 1967)).

Like in *Pallottino* and other cases, Plaintiff seeks to amend his complaint to advance a new legal theory once a different theory was dismissed through summary judgment. Plaintiff's motion to amend the complaint comes eighteen months after the

filing of his nearly identical original complaint, with Plaintiff proposing added references to Defendant's failure to intervene. Plaintiff cites as reasons for the delay prison lock-downs and inability to schedule depositions in a timely manner, but I find that these reasons cannot justify such a lengthy delay in his failure to make these amendments to the complaint. *Cf. Viernow*, 157 F.3d at 880 (finding no justification for delay of eighteen months in plaintiff's purported reasons, which were transfer of case to Utah and plaintiff's unfamiliarity in Utah law, and chilling effect of threats of sanctions and expense of associating local counsel). Thus, despite the liberalized rules of pleading and the liberal construction of *pro se* pleadings that Plaintiff emphasizes in his objections, I agree with Magistrate Judge Hegarty that it would be improper to allow Plaintiff to amend his complaint approximately eighteen months after the filing of the original complaint to add a new legal theory after summary judgment dismissed a different legal theory.

Plaintiff nonetheless insists that a claim of excessive force in his complaint includes by definition a claim of failure to intervene, as evidenced by the facts that he alleges in the original complaint. Objections at 3. Plaintiff also argues that through discovery he advanced his theory of failure to intervene and put Defendants on notice of this theory through the questions he asked in their depositions. Objections at 4. I find that I have already rejected these arguments through my Order of September 5, 2008, in which I affirmed and adopted Magistrate Judge Hegarty's Recommendation of May 5, 2008 and granted Defendant Cortez's Motion for Summary Judgment. In that recommendation, Magistrate Judge Hegarty found with regard to the failure to intervene

claim that "Plaintiff does not mention this claim or any supporting allegations in his complaint . . . and does not include these allegations in the Amended Final Pretrial Order."  Recommendation at 15.  Magistrate Judge Hegarty concluded that the issue was not properly before the Court because Plaintiff was raising the argument for the first time in his response to Defendant Cortez's Motion for Summary Judgment.  *Id.*  Thus, the issue of whether the failure to intervene claim is contained within the excessive force claim has been addressed and rejected.

Furthermore, with regard to whether Plaintiffs placed Defendants on proper notice of the failure to intervene claim through taking their depositions, I find that the matters contained in Plaintiff's questions did not put Defendants on notice that Plaintiff was raising a legal theory not contained in his complaint.  *See* Objections at 4; Plaintiff's Reply to Defendants Hatterman and Totten's Response to Motion at 3.  Plaintiff admits that he did not explicitly mention failure to intervene and instead discusses his intent to put forward this theory at trial based on the same facts.  *See* Objections at 4.  I find that Plaintiff's questioning of Defendants of facts that could have supported a failure to intervene claim did not put them on sufficient notice of Plaintiff's alternate legal theory, as Defendants should not be expected to infer from Plaintiff's questions that he was raising a new legal theory.  At the time of the filing of Plaintiff's motion, discovery had been closed, and Defendants, without sufficient notice, had not had a chance to develop their defenses against this theory through discovery.  Thus, it would be inappropriate to allow amendment of the complaint to add a new legal theory at this time.

In his objections and supplemental filing, Plaintiff cites two Tenth Circuit cases

that I find to be inapposite, because both cases addressed the sufficiency of factual allegations made in a complaint in supporting a legal claim, not the amendment of complaints. See *United States v. Robbins*, 519 F.3d 1242, 1247-48 (10th Cir. 2007); *Currier v. Doran*, 242 F.3d 905, 916 (10th Cir. 2001). Furthermore, neither Magistrate Judge Hegarty's recommendation nor this Order is based on the heightened pleading requirement for a qualified immunity defense, which was the subject of the holding in *Currier*. See 242 F.3d at 911-12. As already stated, even under the liberalized pleading requirements, I find that allowing an amendment to the complaint at this stage in this case would be inappropriate due to undue delay and undue prejudice. Finally, I note that I have reviewed Plaintiff's remaining objections and find no merit in them.

Accordingly, for the reasons stated above, it is hereby

ORDERED that the Recommendation of August 5, 2008 [doc. #140] is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Plaintiff's Motion to Amend Complaint [doc. #131, filed June 19, 2008] is **DENIED**.

Dated: January 13, 2009.

                BY THE COURT:

                s/ Wiley Y. Daniel
                Wiley Y. Daniel
                Chief United States District Judge