IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02525-WYD-MEH

RICHARD G. CHAVEZ,

    Plaintiff,
v.

DARREN HATTERMAN, Adams County Deputy Sheriff, in his individual capacity; and
JOHN TOTTEN, Adams County Deputy Sheriff (Sgt.), in his individual capacity;

    Defendants.

## RECOMMENDATION ON PLAINTIFF'S MOTION FOR SANCTIONS FOR SPOLIATION OF EVIDENCE

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Plaintiff has filed a Motion for Sanctions for Spoliation of Evidence and "Adverse Inference" Jury Instruction for Destruction of X26 Data [filed December 5, 2009; docket #163]. The matter has been referred to this Court for adjudication [docket #165]. For the following reasons, the Court **recommends**[1] that the motion be **denied**.

The facts of this case are not complicated. While under arrest for burglary and during transport to jail, Plaintiff attempted an escape, going so far as capturing a police officer's (Defendant Hatterman's) weapon and having it discharge during a life and death struggle (no one was struck by the bullet). As other officers responded to the struggle, one officer, Defendant Totten, used his Taser to subdue the Plaintiff. Plaintiff contends that the manner in which the Taser was used violated his civil rights.

The incident occurred on December 7, 2004. Plaintiff required no hospitalization after the

---

[1]Because the motion concerns evidence and/or jury instructions that will or will not be introduced at trial, this Court will proceed by Recommendation to the District Judge who will be trying the case.

incident and was released that day to jail. He was charged with attempted murder. Thereafter, he made statements to his jailers about Defendant Hatterman's use of a Taser against him. Defendant Hatterman, who had not used his Taser during the incident, asked his department to download data from the Taser to establish that it has not been used. Plaintiff has been provided this report. Plaintiff alleged in a Notice of Claim on April 25, 2005 that he had been tased for eight continuous minutes. This was the first factual allegation (according to the record provided to this Court) of an allegation of tasing that might be tied to officers other than Defendant Hatterman. By April 25, 2005, Defendant Totten (who had, in fact, used his Taser against Plaintiff) had been transferred to another division and had surrendered his Taser to the department. Subsequently (the date is uncertain), the Taser used by Defendant Totten malfunctioned and was sent to the manufacturer. No data from this Taser was ever captured. It is this failure to preserve Taser data that Plaintiff now claims should result in a sanction against the Defendants. In opposition, Defendants contend (1) there was no bad faith in not preserving the Taser data; (2) neither Defendant had possession, custody or control of the Taser at the time that its relevance became known and, therefore, they had no duty to preserve information; and (3) loss of the Taser data is not prejudicial because, as a matter of fact, the data could not possibly have shown that the Taser was used for eight continuous minutes, but only that it was used against Plaintiff, a fact the Defendants do not dispute (indeed, Defendants admit that Defendant Totten tased Plaintiff four times in that short period).

The Court agrees with Defendants. First, prejudice to the party bringing the motion for sanctions is critical to any remedy for spoliation. *The Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 741 (10th Cir. 2005). Here, Defendants have established that the Taser data, even if captured, would not have assisted Plaintiff in his allegation that he was tased for eight continuous minutes. Moreover, there were many witnesses to the incident, including Plaintiff himself, and he will be free

to testify concerning what he experienced and, if the District Judge permits, he can bring in evidence that the Taser used by Defendant Totten was sent back to the manufacturer by Adams County Sheriff's Office and, thus, is no longer available for the jury's review.

Second, the Court finds that any duty to preserve Taser data did not arise until at least the date on which Plaintiff filed his claim in April 2005, and by that time, neither Defendant had possession, custody or control of the Taser.[2] Some courts have imposed an obligation on a party, in the event that they no longer have relevant evidence in their possession, to inform the other side about that fact and about the possibility of the evidence being destroyed. *E.g.*, *Silvestri v. General Motors Corp.*, 271 F.3d 583, 591 (4th Cir. 2001). Here, however, Plaintiff has not established that either Defendant should have been sufficiently aware in April 2005 that (1) the internal Taser data was relevant and should be preserved, (2) that it had not been preserved, and (3) that Adams County would dispose of the weapon, in order to give rise to a duty to inform Plaintiff that he needed to take steps to preserve the evidence.

Last, the Court agrees with Defendants that their state of mind is relevant. "[C]ourts require evidence of intentional destruction or bad faith before a litigant is entitled to a spoliation instruction. . . . 'Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case.'" *Henning v. Union Pacific R. Co.*, 530 F.3d 1206, 1220 (10th Cir. 2008).[3] The record here does not in any way establish that either Defendant was culpable in failing to preserve evidence.

---

[2]The Court renders no opinion on whether any other person or entity can be held accountable for the loss of any Taser data.

[3]Plaintiff accurately cites to one Tenth Circuit case, *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985 (10th Cir. 2006) for the proposition that bad faith is not a required showing, however, prior and subsequent cases in the Tenth Circuit disagree that decision, and the case appears to be an aberration.

3

Accordingly, for the reasons stated herein, the Court **recommends** Plaintiff's Motion for Sanctions for Spoliation of Evidence and "Adverse Inference" Jury Instruction for Destruction of X26 Data [filed December 5, 2009; docket #163] be **denied**.[4]

Dated at Denver, Colorado this 20th day of January, 2009.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[4] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).