IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.  06-cv-02525-WYD-MEH

RICHARD G. CHAVEZ,

    Plaintiff,

v.

DARREN HATTERMAN, Adams County Deputy Sheriff, in his individual capacity;
ROBERT CORTEZ, Adams County Deputy Sheriff, in his individual capacity; and
JOHN TOTTEN, Adams County Deputy Sheriff (Sgt.), in his individual capacity,

    Defendants.

## ORDER

THIS MATTER is before the Court on Former Defendant Cortez's Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) [doc. #216], filed March 3, 2009.  In this Motion, former defendant Robert Cortez asks the Court to direct entry of a final judgment with respect to all claims against him.  Plaintiff Richard Chavez responded to the Motion on March 26, 2009, and Cortez replied on April 10, 2009.  For the reasons stated herein, the Motion is denied.

By way of background, on December 15, 2006, Plaintiff filed a state court complaint that was later removed to this Court.  In his complaint brought pursuant to 42 U.S.C. § 1983, Plaintiff alleged excessive force against Defendants Darren Hatterman and John Totten and former defendant Cortez in violation of the Fourth and Fourteenth Amendments.  These claims all stemmed from the alleged conduct of the three officers after arresting Plaintiff for committing a burglary on December 7, 2004.  Plaintiff later

pleaded guilty in state court to disarming a peace officer, burglary, and a habitual criminal count based on the events of that date, and he was sentenced to twenty-four years in prison. On August 27, 2008, I affirmed and adopted Magistrate Judge Michael E. Hegarty's Recommendation granting Cortez's Motion for Summary Judgment and dismissing the case against him with prejudice. I agreed with Magistrate Judge Hegarty that Cortez was entitled to qualified immunity on the excessive force claim, based on the factors enumerated in *Graham v. Connor*. *See* 490 U.S. 386, 397 (1989) ((1) "the severity of the crime at issue"; (2) "whether the suspect poses an immediate threat to the safety of the officers or others"; and (3) whether the suspect is "actively resisting arrest or attempting to evade arrest by flight"). However, Magistrate Judge Hegarty had rejected Cortez's argument that Plaintiff's claim was barred by his plea of guilty to disarming a police officer, pursuant to *Heck v. Humphrey*, 517 U.S. 477, 487 (1994). (Recommendation at 9-12.) Then, on January 13, 2009, I affirmed and adopted Magistrate Judge Hegarty's Recommendation denying Plaintiff's Motion to Amend the Complaint to add a failure to intervene claim against Cortez.

     Rule 54(b) of the Federal Rules of Civil Procedure provides:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b). "Rule 54(b) establishes three prerequisites . . . : (1) multiple claims; (2) a final decision on at least one claim; and (3) a determination by the district court that there is no just reason for delay." *Jordan v. Pugh*, 425 F.3d 820, 826 (10th

Cir. 2005). Here, the first prerequisite is easily satisfied because there were claims asserted against three defendants. With regard to the second requirement, the controlling question in determining whether a decision is final is whether the claim is "distinct and separable from the claims left unresolved." *Id.* (quotation omitted). While there is no bright-line rule in making this determination, "courts consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible." *Id.* at 827.

I find that the decision with respect to Cortez is not final for the purposes of Rule 54(b). The claims against Cortez arise from the same set of facts as those against the remaining Defendants, and they involve the same legal theories of excessive force under *Graham v. Connor* and whether Plaintiff's claims are barred by *Heck v. Humphrey*. Cortez makes no argument that Plaintiff's claims against him were distinct and separable from those against the remaining Defendants, but rather Cortez rests the arguments in his Motion entirely on the third requirement of delay and on the hardship he would incur.

With regard to undue delay, Cortez argues that this lawsuit has been "hanging over his head" (Reply 1) and that he "seeks closure on this litigation including so that it will not have any potential impact on his future employment . . . ." (Mot. 2.) I find this argument unavailing, as Cortez brought his Motion two months before trial involving the other Defendants is scheduled to begin, so entry of final judgment would not significantly accelerate his closure. More importantly, I find that the policy of Rule 54(b) seeks to prevent the multiple, piecemeal appeals for Plaintiff, over providing closure to

Cortez.  The Tenth Circuit has provided:

> Rule 54(b) is not intended to provide a mechanism for splitting multiple claims into separate lawsuits.  Partial final judgment is intended to serve the limited purpose of protecting litigants from undue hardship and delay in lawsuits involving multiple parties or multiple claims.  Application of the rule should preserve the historic federal policy against piecemeal appeals. . . . Interrelated legal claims and alternative theories for recovery should be litigated together and appealed together.

*Id.* at 829 (quotations and citations omitted).  Accordingly, I find that Cortez has not met either the second or third requirements for entry of final judgment under Rule 54(b) and that the rule's policy does not support entry of final judgment at this time.  It is hereby

ORDERED that Former Defendant Cortez's Motion for Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) [doc. #216], filed March 3, 2009, is **DENIED**.

Dated: April 30, 2009.

                BY THE COURT:

                s/ Wiley Y. Daniel
                Wiley Y. Daniel
                Chief United States District Judge